IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RAYNELLE HALEAKA ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>Defendant. | Case No. 22-cv-00231-DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

Plaintiff Raynelle Haleaka Adams, proceeding through her attorney Diane C. Haar, moves for leave to proceed without prepaying fees or costs in this social security appeal ("IFP Application"). Dkt. No. 2.

## I.     IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant

---

[1]The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

must nonetheless show that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).

Here, Adams has made the required showing under Section 1915(a).  In the IFP Application, Adams states that she receives $1,443 per month in gross income through her children's government benefits, along with $1,100 per month in "SNAP" benefits.  She states that all of her "SNAP" benefits are used for food. Adams further states that she has $31 in a checking or savings account and no other assets.  She states that she has monthly expenses of $800 for rent, $127 for telephone, and $220 for transportation.  Adams' three minor children are dependent on her for the basic necessities of life.

In light of these figures, once her monthly expenses are taken into account, Adams would not have the means to pay the filing fee for this action while still being able to afford the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234–36 (9th Cir. 2015).[2]  In addition, Adams has insufficient assets to provide security.  As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II.   <u>Service</u>

Because Adams has been granted leave to proceed *in forma pauperis*, and because her claims have not been dismissed, the Court finds that service of the

---

[2]Based upon the information provided in the IFP Application, after monthly expenses, Adams would have $296 per month in (non-"SNAP") income—an amount *less* than the $402 filing fee for this action.

summons and Complaint is appropriate.[3]  *See* Fed. R. Civ. P. 4(c)(3).  To facilitate service, the Court ORDERS as follows:

1.    The Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.  The Clerk shall also send a copy of this Order to the U.S. Marshal.

2.    Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3.    Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to the Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398);

---

[3]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  At this initial stage of proceedings, and without any responsive pleading from Defendant, the Court has screened the Complaint and finds service of the same to be appropriate.

and two (2) completed Waiver of Service of Summons forms (AO

399), as directed by Plaintiff without payment of costs.  *See* Fed. R.

Civ. P. 4(c)(3).

4.      The U.S. Marshal shall retain the summons and a copy of the

Complaint.  The U.S. Marshal shall also file a returned Waiver of

Service of Summons form as well as any Waiver of Service of

Summons form that is returned as undeliverable, as soon as it is

received.

5.      If Defendant does not return a Waiver of Service of Summons form

within sixty days from the date that such forms are mailed, the U.S.

Marshal shall:

a.      Personally serve such Defendant pursuant to Rule 4 of the

Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

b.      Within ten days after personal service is effected, file the return

of service for such Defendant, along with evidence of any

attempts to secure a waiver of service of summons and of the

costs subsequently incurred in effecting service.  Said costs

shall be enumerated on the USM-285 form and shall include the

costs incurred by the U.S. Marshal's office in photocopying

additional copies of the summons and the Complaint and for

4

preparing new USM-285 forms, if required.  Costs of service
will be taxed against the personally served Defendant in
accordance with the provisions of Federal Rule of Civil
Procedure 4(d)(2).

6.    If Adams does not wish to use the U.S. Marshal for service, she may
serve Defendant on her own, in compliance with Rule 4 of the Federal
Rules of Civil Procedure.

7.    Adams is cautioned that if she fails to comply with this Order and her
non-compliance prevents timely and proper service as set forth in
Federal Rule of Civil Procedure 4(m), this action is subject to
dismissal for failure to serve.

8.    After service of the summons and Complaint, whether accomplished
on her own or with the services of the U.S. Marshal, Adams must
serve on Defendant or, if applicable, Defendant's attorney a copy of
all further documents she submits to the Court.  The U.S. Marshal is
not responsible for serving these documents on Plaintiff's behalf.
Adams shall include, with any original paper filed with the Clerk of
Court, a certificate stating the date that a copy of the document was
served on Defendant or Defendant's counsel, and the manner in which
service was accomplished.  Any paper received by a District or

Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9.  Adams is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii throughout all proceedings in this Court.

IT IS SO ORDERED.

Dated: June 3, 2022 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_____

*Raynelle Haleaka Adams v. Kilolo Kijakazi;* Civil No. 22-00231 DKW-KJM;
**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**